

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jno. Q. McAdams
Commissioner, Department of Banking
Austin, Texas

Dear Mr. Jamison:     Attention: Mr. H. A. Jamison,
                      Deputy Commissioner.

                      Opinion No. O-5722
                      Re: Construction of a directors'
                      guaranty contract in favor of
                      National Educators Finance Cor-
                      poration of Fort Worth, Texas.

        Your request for an opinion with respect to the construction of the instrument mentioned in the caption above is as follows:

        "The National Educators Finance Corpora-
    tion of Fort Worth, Texas, a corporation organ-
    ized pursuant to the provisions of Article
    1524a, was examined by representatives of this
    Department as of close of business December 12,
    1942, this company being under the examining
    supervision of this Department by reason of hav-
    ing issued and sold to the public certain of
    its investment contracts. The examiner's re-
    port of condition as of date indicated reflect-
    ed insolvency in the sum of $6,166.77, the
    sound assets of the corporation lacking said
    amount equalling the liabilities of said cor-
    poration, exclusive of its liability to its
    stockholders as such. The common capital stock
    of this corporation is on a no-par basis. An-
    other way of stating the financial position of
    the company as of date mentioned is to advise
    that losses in assets were set up in the sum
    of $76,787.90, with the entire capital account
    of the institution being $70,620.53.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Following this examination the corporation was advised that it was deemed to be insolvent to the extent of $4,160.77, and said corporation was requested to cause the assets of the company to be increased said amount, after which request certain of the directors offered to cure the capital impairment or insolvency by executing a certain guaranty which was subsequently accepted by this Department as restoring the corporation to solvency, said guaranty being in the sum of $6,500.00.

"The corporation has been recently examined by representatives of this Department, as of close of business September 30, 1943. The financial condition of the company, as set out in the most recent report, reflects a capital account in the sum of $28,070.42, and classified losses in the sum of $42,216.34, thus again establishing a condition of insolvency to the extent of $14,145.92 - without regard to the outstanding guaranty.

"We are pleased to enclose a copy of said guaranty, together with exhibits, as this instrument must be construed in order to determine whether or not the extent of insolvency at the present time is $7,645.92, which would be the proper amount if the guaranty is effective, or $14,145.92, which would be the extent of insolvency if the guaranty is nullified through certain of its stipulations.

"In this connection you should presume that a net sum slightly in excess of $6,500.00 has been collected in cash from the debtors shown on the special exhibits, being those items which were classified as a loss in our examiner's report of condition as of December 12, 1942. We are satisfied as to the value of the guaranty, if it be an obligation under the conditions which we have announced above, in which event, as stated, the extent of insolvency will be reduced to $7,645.92."

The guaranty contract, a copy of which is attached to your letter, is in regular form, and obligates the guarantors in the sum mentioned by you, and is conditioned as follows:

"CONDITIONED THAT the makers of all of said assets classified by the examiner as losses as set out in Exhibit "A" hereto attached, shall well and truly discharge by payment in cash, lawful money of the United States of America, upon the aggregate of said obligations or any renewals or extensions of same, on or before February 1, 1944, in the sum of not less than $6,500.00 net, it being the purpose of this guaranty to guarantee unconditionally the collection of a net sum of $6,500.00 over and above collection expense from said assets classified by the examiner as losses, the National Educators Finance Corporation being then solvent, in the determination of State Banking Commissioner of Texas. * * *.

"This contract shall become null and void upon the restoration of solvency, or upon the payment by the guarantors of all of said sum or such amount thereof as may be necessary within the determination of the Banking Commissioner to restore the solvency of said corporation or upon the collection of the net sum of $6,500.00 on the assets listed in Exhibit "A", the corporation being then solvent, * * *." (Emphasis supplied)

You are respectfully advised that the instrument is a continuing obligation, and will be such until (including) February 1, 1944.

It will be seen that in the various parts of the condition attached to the guaranty it is expressly required that the corporation at the time of payment to it of the amount of the obligation on or before February 1, 1944, shall be solvent. To effect a discharge of this guaranty obligation payment on the listed items must be made on or before February 1, 1944, and the corporation at that time

must thereby become or be solvent. If such payment in such sum be not realized within the time named, the obligation has matured and is collectible in whole or in part as may be necessary to restore solvency.

However, upon the corporation's adding to its assets the sum of $7,648.92 at this time, or at any time prior to February 1, 1944, the corporation will have thereby been restored to solvency until a further deficiency in assets arises. In other words, we construe the obligation to be a guaranty of solvency of the corporation (within the penal sum named) as of February 1, 1944.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR